IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID M. WEBER,                          :
                                         :        Civ. No. 4:CV-06-00198
                                         :
              Petitioner                 :
                                         :
      v.                                 :        (Judge Jones)
                                         :
JOSEPH P. NISH,                          :        (Magistrate Judge Smyser)
                                         :
              Respondent                 :

October 4, 2006

MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner David M. Weber ("Petitioner" or "Weber"), a state prisoner proceeding *pro se*, filed the instant petition for a writ of habeas corpus ("the Petition") pursuant to 28 U.S.C. § 2254.

On August 24, 2006, Magistrate Judge Smyser issued a Report and Recommendation (doc. 21), recommending that this Court deny the Petition. Objections to the Magistrate Judge's report were due by September 25, 2006.  To date, no objections have been filed.  This matter is therefore ripe for our review.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is

1

not statutorily required to review a magistrate judge's report before accepting it.

See Thomas v. Arn, 474 U.S. 140, 149-150 (1985).  According to the Third

Circuit, however, "the better practice is to afford some level of review to

dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874,

878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the

report becomes the judgment of the court.  Id.

## DISCUSSION:

Our review of this case obviously confirms Magistrate Judge Smyser's

determinations and well-reasoned analysis, and while we have not been presented

with any reason to revisit them, we do reiterate the salient aspects of the

Magistrate Judge's report.

### A.    Procedural History

In 1997, the Petitioner pled guilty, in the Court of Common Pleas of York

County, to one count of rape, three counts of indecent assault and two counts of

corruption of minors.  (Rec. Doc. 12, Ex. 3).  Judge John C. Uhler of that Court

indicated that he would not accept the plea agreement that had been made between

the Commonwealth and Weber, which called for a sentence of six and a half to

thirteen years imprisonment.  (Rec. Doc. 12).  On October 2, 1997, the Petitioner

informed the York County Court that even though Judge Uhler had rejected the

2

plea agreement, he wished to maintain his guilty plea as entered on August 13, 1997. (Rec. Doc. 12, Ex. 4 at 5). October 27, 1997, the Petitioner pled nolo contendere to two additional counts of indecent assault and one additional count of corruption of minors. (Rec. Doc. 12, Ex. 5).

On December 7, 1997, Judge Uhler sentenced the Petitioner to an aggregate term of imprisonment of twelve years to life. By an order dated March 9, 1999, the Superior Court of Pennsylvania vacated Weber's sentence and remanded the case for resentencing. (Rec. Doc. 12, Ex. 15). On July 9, 1999, Judge Uhler resentenced Petitioner to an aggregate term of twelve to twenty-four years imprisonment. (Rec. Doc. 12, Ex. 16).

Petitioner's counsel failed to file a direct appeal, however on December 9, 1999, Judge Uhler granted Petitioner the right to appeal *nunc pro tunc* and appointed Petitioner new appellate counsel. (Rec. Doc. 12, Ex. 17). New counsel filed the appeal, however on August 3, 2006, the Superior Court of Pennsylvania dismissed the appeal for failure to file a brief. (Rec. Doc. 12, Ex. 19). On September 19, 2001, Judge Uhler again granted Petitioner the right to appeal *nunc pro tunc,* and after a colloquy with the Court, Petitioner waived his right to counsel on appeal. (Rec. Doc. 12, Ex. 21).

On October 10, 2001, the Petitioner filed a motion to vacate his sentence.

3

(Rec. Doc. 12, Ex. 22).  On October 12, 2001, Judge Uhler denied as untimely the Petitioner's motion to vacate his sentence.  Judge Uhler also determined that the Petitioner had waived other issues raised in his motion pursuant to the voluntary guilty plea colloquy.  (Rec. Doc. 12, Ex. 22).

On October 25, 2001, the Petitioner filed a notice of appeal with the Superior Court of Pennsylvania.  (Rec. Doc. 12, Ex. 23).  On June 5, 2002, the Superior Court quashed the appeal as untimely since the appeal was filed six days beyond the thirty-day time limit for filing an appeal.  (Rec. Doc. 12, Ex. 23).  On December 24, 2002, the Pennsylvania Supreme Court denied the Petitioner's petition for the allowance of an appeal.  (Rec. Doc. 12, Ex. 24).

Thereafter, the Petitioner filed yet an other petition for leave to file an appeal *nunc pro tunc*.  (Rec. Doc. 12, Ex. 26).  On May 26, 2004, Judge Uhler denied the petition.  Petitioner filed an appeal of the denial to the Superior Court of Pennsylvania.  (Rec. Doc. 12, Ex. 27).  The Superior Court affirmed Judge Uhler's denial, concluding that the petition for leave to file *nunc pro tunc* was untimely under the one-year statute of limitations applicable to Post Conviction Relief Act ("PCRA") petitions and that the Superior Court was without jurisdiction to address the Petitioner's claims.  (Rec. Doc. 12, Ex. 29).  On October 2, 2005, the Pennsylvania Supreme Court denied the Petitioner's petition for

4

allowance of appeal.

## 2.   Analysis of the Petition

In the instant Petition, Petitioner claims:

1)   that his guilty plea was unlawfully induced and not made voluntarily with an understanding of the nature of the charges and of the consequences of the plea;

2)   that he was interrogated without having been given Miranda warnings;

3)   that his privilege against self-incrimination was violated by his interrogation and by the police forcing him to sign a confession;

4)   that his conviction was obtained by use of inadmissible evidence;

5)   that he was denied the effective assistance of counsel in that his attorneys failed to perfect a direct appeal; and

6)   that he was denied the right to appeal.

In response, the Respondent argues that Petitioner's guilty plea was entered knowingly and intelligently and that based upon his plea, the Petitioner is barred from raising all of his other claims as set forth in paragraphs 2) through 6) above. The Respondent also asserts that the Petitioner has not exhausted his state remedies.

Addressing the second area first since it is fully dispositive of this matter, we will initially note that, as Magistrate Judge Smyser thoroughly explains in the

5

Report and Recommendation, a state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. See 28 U.S.C. § 2254(b) and (c).  In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he as fairly presented his claim, both the legal theory and the facts supporting the claim, to the state courts.  See O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987); see also Picard v. Connor, 404 U.S. 270, 278 (1971).  Further, as Magistrate Judge Smyser notes, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Order 218 of the Pennsylvania Supreme Court makes review of criminal convictions and post-conviction relief matters by the Supreme Court discretionary.

Second, Magistrate Judge Smyser notes that the Petitioner has not presented his claims to the Superior or Supreme Court in a procedurally correct manner. Indeed, Petitioner failed, despite numerous opportunities, to perfect a direct appeal and a PCRA petition filed by Petitioner would be untimely.  Magistrate Judge Smyser also correctly notes that federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged

violation of federal law or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." <u>Carpenter v. Vaughn</u>, 296 F.3d 138, 146 (3d Cir. 2002).

Third, Magistrate Judge Smyser advises that upon Order dated June 19, 2006, directing the Petitioner to show cause, if any, why this case should not be dismissed based upon his procedural default in state court, the Petitioner stated that the trial court did not notify him of a ten day limit upon the filing of a post-sentence motion. (Rec. Doc. 16). As Magistrate Judge Smyser correctly notes, this ground raised by Petitioner is not meritorious because Judge Uhler granted Petitioner the right to file an appeal *nunc pro tunc*. Moreover, Petitioner does not assert or show that a failure to consider his claims will result in a miscarriage of justice or prejudice to any recognizable interest. Accordingly, we agree with Magistrate Judge Smyser's conclusion that there was no cause for Petitioner to have procedurally defaulted his claims in state court, in fact, he was given multiple out-of-time opportunities by Judge Uhler to appeal.

Fourth, as Magistrate Judge Smyser notes, Weber pleaded guilty to sexual offenses involving rape of children less than 10 years of age. He does not assert a claim of actual innocence. At sentencing, Weber acknowledged the voluntariness of his confessions stating, "I did not confess to anything because I was afraid of

7

being caught; I confessed because I genuinely do not want to put anybody through anything else." (Rec. Doc. 12, App. 6 at 7).

Finally, and by way of a summary, we agree with Magistrate Judge Smyser's recommendation that the Petition be denied on the basis that the Petitioner procedurally defaulted on his claims in state court, resulting in a failure to present his claims to the Supreme Court of Pennsylvania or the Pennsylvania Superior Court in a procedurally correct manner, and because the Petitioner did not present a cause for the procedural default or show prejudice arising form the non-adjudication of his federal claims.

Our review of this case confirms Magistrate Judge Smyser's determinations. Because we find no error in Magistrate Judge Smyser's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (doc. 21) is ADOPTED in its entirety.

2. The petition for writ of habeas corpus (doc. 1) is DENIED.

3. The Clerk is directed to close the file on this case.

8

John E. Jones III
United States District Judge